ALASKA SALMON CO. (SUCCESSOR TO NORTHERN FISHERIES, INC.), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94528. Promulgated February 16, 1939.

*Chaffee E. Hall, Esq.,* for the petitioner.
*William G. Ruymann, Esq.,* for the respondent.

OPINION.

ARUNDELL: This proceeding is before us on the motion of counsel for the respondent to dismiss for want of jurisdiction on the ground that the petition is not filed by the taxpayer to whom the notice of deficiency was mailed or by the taxpayer against whom the Commissioner has determined a deficiency.

The notice of deficiency upon which this proceeding is based is dated April 9, 1938, and addressed to Northern Fisheries, Inc., 141 Clay Street, San Francisco, California. The petition bears the caption "Alaska Salmon Co. (Successor to Northern Fisheries, Inc.), Petitioner." According to the facts alleged in the petition, Northern Fisheries, Inc., was incorporated in 1917 under the laws of the State

of Washington. On December 31, 1937, Northern Fisheries, Inc., and three California corporations merged into a single corporation, the Bristol Bay Packing Co., pursuant to the laws of the States of California and Washington. On the same date the name of Bristol Bay Packing Co. was changed to Alaska Salmon Co. The petition is verified by C. E. Cocks, president of the Alaska Salmon Co.

The petitioner opposes the motion to dismiss, citing among other cases, *Bowman Hotel Corporation*, 24 B. T. A. 1193, and *Trahern Pump Co.*, 27 B. T. A. 363. In each of the cited cases the corporation filing the petition with the Board was a consolidated corporate successor to the taxpayer organized under state statutes which made the consolidated corporation primarily liable for the debts of its constituent corporations. We said in the *Bowman Hotel* case that under the New York statute there involved the consolidated successor "is obligated and birthmarked by statute with all primary liability of its components—an obligation which is not measured or proven by its obligation as transferee of property under section 280 of the Revenue Act of 1926, but is determined by the primary debt or obligation of the component." In consequence of the direct liability imposed by state statute upon the consolidated successor we held that the tax liabilities of the constituent corporate taxpayers "became the tax liabilities of" the consolidated corporation and that a petition filed by the consolidated corporation was within our jurisdiction as a petition filed by a taxpayer. Other cases arising under the New York statutes, in which we reached the same conclusion, are *Oswego Falls Corporation*, 26 B. T. A. 60; *Skaneateles Paper Co.*, 29 B. T. A. 150. Similar facts and a similar consolidation statute of Illinois were before us in the *Trahern Pump Co.* case. We held:

> Since the Trahern Corporation [to which notice of deficiency was addressed] was not simply dissolved, but was, with others, consolidated under the Illinois consolidation statute to form the Roper Corporation [which filed the petition for redetermination], the Board has jurisdiction of a proceeding instituted in the name of either, and *a fortiori* one instituted in the name of both  *  *  *.

In this case the corporation to which the notice of deficiency was addressed, Northern Fisheries, Inc., was a Washington corporation. The successor corporation, into which the Washington corporation merged, and which filed the petition for redetermination, is a California corporation, and, therefore, a corporation foreign to the State of Washington.

The State of Washington had adopted as a part of its statutory law the Uniform Business Corporation Act. Washington Laws 1933, ch. 185; 9 U. L. A. (1938 Supp. 29). The provisions of this act, as contained in section 3803 of Remington's Revised Statutes of Washington, provide among other things, that domestic corporations may be

merged into a foreign corporation if the laws of the foreign government authorize such merger or consolidation.  Sec. 3803–42.  The effect of a merger is stated in section 3803–46 as follows:

Upon the consummation of the merger or consolidation * * *, the effect of such merger or consolidation shall be:

1. That the several parties to the joint agreement shall be one corporation, which shall be

a. In the case of merger, that one of the constituent corporations into which it has been agreed the others shall be merged and which shall survive the merger for that purpose,

*       *       *       *       *       *       *

4. All the property, real, personal and mixed, of each of the constituent corporations, and all debts due on whatever account to any of them, including subscriptions for shares and other choses in action belonging to any of them shall be taken and be deemed to be transferred to and invested in such surviving or new corporation, as the case may be, without further act or deed;

5. The Surviving or new corporation shall be responsible for all the liabilities and obligations of each of the corporations merged or consolidated, in the same manner as if such surviving or new corporation had itself incurred such liabilities or obligations; but the liabilities of such constituent corporations or of their shareholders, directors or officers shall not be affected, nor shall the rights of the creditors thereof, or of any persons dealing with such corporations be impaired by such merger or consolidation, and any claim existing or action or proceeding pending by or against any of such constituent corporations may be prosecuted to judgment as if such merger or consolidation had not taken place, or the surviving or new corporation may be proceeded against or substituted in its place.

The laws of California, § 361b, Civil Code (Deering Supp. 1929), provide:

Any two or more corporations may be: (a) merged into one of such constituent corporations, which is here designated as the surviving corporation * * *.

*       *       *       *       *       *       *

7. Upon the merger or consolidation, as provided herein, the separate existence of the constituent corporations shall cease, except that of the surviving corporation in case of merger, and the consolidated or surviving corporation shall succeed, without other transfer, to all the rights and property of each of the constituent corporations, and shall be subject to all the debts, and liabilities of each, in the same manner as if the surviving or consolidated corporation had itself incurred them.

The above statutes of the States of Washington and California, as we read them, provide that in a case like this, where a Washington corporation merges into a California corporation, the effect is that the surviving California corporation becomes primarily liable for the debts of the Washington corporation.  The effect is thus exactly like that under the consolidation statutes of New York considered in the *Bowman Hotel* case and under the Illinois statutes in the *Trahern Pump Co.* case.  The tax liabilities of the Washington corporation

became the liabilities of the California corporation, and a petition filed by the California corporation for redetermination of a deficiency determined against the Washington corporation is within our jurisdiction.

Cases like *Carnation Milk Products Co.*, 20 B. T. A. 627, are not in point. They do not involve mergers, nor were they shown to be governed by statutes fixing upon a successor the consequences shown here to follow a merger.

We accordingly hold that the petition is within our jurisdiction and that the respondent's motion to dismiss should be denied.

*Order denying motion to dismiss will be entered.*